**S.J. AMOROSO CONSTRUCTION CO., INC., a California Corporation, Plaintiff–Appellant,**

v.

**UNITED STATES of America, United States General Services Administration; and Richard G. Austin, Administrator, General Services Administration (Region 9, San Francisco), Defendants–Appellees.**

No. 92–16419.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1992.

Decided Dec. 15, 1992.

Andrew R. Wiener, Haas & Najarian, San Francisco, CA, for plaintiff-appellant.

George Chris Stoll, Asst. U.S. Atty., San Francisco, CA, for defendants-appellees.

Before: SNEED, ALARCON, and CANBY, Circuit Judges.

SNEED, Circuit Judge:

S.J. Amoroso appeals the district court's summary judgment for the General Services Administration (GSA) concerning its rejection of Amoroso's bid for the partial renovation of a federal building. In both the action below and this appeal, Amoroso challenged as arbitrary and capricious Federal Acquisition Regulation (FAR) 52.203–8, which requires the submission of a Certificate of Procurement Integrity (CPI) with the sealed bid. We affirm.

## I.

### FACTS AND PRIOR PROCEEDINGS

The GSA invited sealed bids for the renovation of part of a building located at 450 Golden Gate Avenue, San Francisco, California. Appellant S.J. Amoroso, which was involved in an earlier phase of the renovation, submitted a bid of $27,112,594. When the bids were opened, appellant had the lowest bid but had failed to sign the CPI. The submission of the CPI is required by 41 U.S.C. § 423(e), and FAR 52.203–8 requires that the CPI be submitted with the bid, or else the bid will be considered nonresponsive and will be rejected. Over the appellant's protest that 41 U.S.C. § 423(e) only requires the CPI to be signed before the contract is awarded, the contracting officer concluded that the bid was nonresponsive and rejected the bid.

The appellant filed a formal protest with the General Accounting Office claiming the CPI was a matter of responsibility, not responsiveness, and thus did not need to be submitted with the bid. The protest was dismissed. The contract was subsequently awarded to Koll Construction, the next lowest bidder at $27,437,019. The appellant then filed its complaint in the District Court for the Northern District of California seeking a temporary restraining order or a preliminary injunction. The GSA filed a motion for dismissal under 12(b)(6) or, alternatively, for summary judgment. The district court granted GSA's summary judgment motion and denied the appellant's motions. This appeal followed.

## II.

### JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 28 U.S.C. § 1331. This court has jurisdiction to review the summary judgment as a final order under 28 U.S.C. § 1291. A grant of summary judgment is reviewed de novo. *Jones v. Union Pac. R.R.*, 968 F.2d 937, 940 (9th Cir.1992). Appellant timely filed its notice of appeal.

## III.

### DISCUSSION

The issue in this appeal is whether FAR 52.203–8 is an arbitrary and capricious interpretation of 41 U.S.C. § 423(e). The appellant claims the regulation, which requires the CPI to be submitted with the sealed bid, is arbitrary and capricious.

41 U.S.C. § 423(e), Certification and enforcement matters, in pertinent part states,

(1) A Federal Agency may not award a contract for the procurement of property or services to any competing contractor ... unless the officer or employee of such contractor responsible for the offer or bid for such contract ...

(A)(i) certifies in writing to the contracting officer ... that such officer or

employee of the competing contractor has no information concerning a violation ... of ... this section ...; or

(ii) discloses to such contracting officer any and all such information and certifies in writing ... that ... such information has been disclosed; and

(B) certifies in writing ... that each officer, employee, agent, representative, and consultant of such competing contractor who has participated personally and substantially in the preparation or submission of such bid or offer ... has certified to such competing contractor that he or she—

(i) is familiar with, and will comply with, the requirements of subsection (a) ...; and

(ii) will report immediately ... any information concerning a violation or possible violation....

The challenged interpretation of this requirement is in FAR 52.203–8, which in pertinent part reads,

(c)(1) For procurements using sealed bidding procedures, the signed certifications shall be submitted by each bidder with the bid submission....

....

(3) Failure of a bidder to submit the signed certificate with its bid shall render the bid nonresponsive.

When reviewing an agency's interpretation of the statute it administers, the Supreme Court has established these principles:

When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpreta-

tion. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute. *Chevron U.S.A. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984) (footnotes omitted).

█ In addition, great deference is given to an agency's interpretation of the statute it is charged to administer. *See, e.g., Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). Courts, it has been said, should overturn procurement decisions only if there is no rational basis for them. *Steinthal v. Seamans*, 455 F.2d 1289, 1301 (D.C.Cir.1971). Agencies are not given free reign, however. If a regulation is fundamentally at odds with the statute, it will not be upheld simply because it is technically consistent with the statute. *United States v. Vogel Fertilizer Co.*, 455 U.S. 16, 26, 102 S.Ct. 821, 828, 70 L.Ed.2d 792 (1982). But a regulation is not invalid simply because the statutory language will support a contrary interpretation. *Id.*

The appellant, implicitly recognizing those principles, claims that the statute's unambiguous language only requires the CPI to be submitted at some point in time before the contract is awarded. They therefore argue that to require it to be submitted with the bid is contrary to this unambiguous language.

█ While the statute requires the CPI to be submitted before the contract is awarded, it does not preclude an otherwise reasonable earlier due date. Without language in the statute so precluding such an earlier date, it must be said that Congress has not spoken to the issue. Under *Chevron*, the question thus becomes whether FAR 52.203–8 is a permissible construction of the statute. Inasmuch as the CPI concerns the knowledge and activities of the persons involved with the preparation of the bid, requiring it to be submitted with the bid is a permissible construction of the statute.

Additionally, the regulation is necessary to the protection of the integrity of the sealed bidding process. Without FAR 52.-203–8, bidders could delay submission of certificates until after the opening of the bids and the identification of the potential awardee. If dissatisfied with its bid, the potential awardee could then retreat from its bid.

*McMaster Const., Inc. v. United States,* 23 Cl.Ct. 679, 685 (1991), noted that there was no intent on the part of Congress to give bidders extra time to submit their certificates. *McMaster* reasoned that the availability of contractual remedies and additional legal obligations under the CPI made it a material and responsive portion of the bid. *Id.* at 686. The court also touched on the concern of administrative convenience. *Id.*

■ Appellant claims that previous *interim* versions of the regulations, which did not make the CPI a matter of responsiveness, show that submission of the certificate should be a matter of responsibility. But regulations are labeled *interim* for a reason, and an agency is afforded deference even when it changes its position in its final version of the regulation. *See Chevron,* 467 U.S. at 862–64, 104 S.Ct. at 2791–92.

■ The appellant argues that FAR 52.-203–8 is inconsistent with other bidding practices and that it gave adequate guarantees that it would perform through its earlier involvement in which it submitted a signed CPI and the other signed bid documents. The CPI imposes significant legal obligations on the contractor. If an agency decides to require a new CPI with such sealed bid, it is not the place of the court to substitute its judgment.

Finally appellant argues that this regulation, as applied in this instance, is not in the public interest. It claims that by accepting the next lowest bidder, the taxpayers will pay approximately $325,000 more. Again, this court is not to substitute its judgment for that of the agency. As the Eleventh Circuit, in reciting an agency's position in a similar situation, recently said, "achieving certainty in the bidding process is well worth the $480,000 it will cost in this case." *Shoals Am. Indus. v. United States,* 877 F.2d 883, 889 (11th Cir.1989).

AFFIRMED.